### JOHN T. CULLICUT *vs.* THOMAS F. BURRILL et al.

### Penobscot.    Opinion November 5, 1921.

*The negligence complained of was established by the jury and the court is not convinced that their conclusion was manifestly wrong.    The storm, though a severe one, was not so overpowering and unusual that the cause of the accident should be regarded as an act of God or vis major.    Damages grossly excessive and to be reduced to $4,500 by a remittitur.*

In an action of tort for injuries sustained by the plaintiff by being struck by a galvanized iron blower pipe which, in turn, was hit in the fall of a wooden ventilator shaft during a severe storm, it is

*Held:*

1.   The negligence complained of in the alleged faulty construction, insecure fastening, inadequate support and improper maintenance and repair of the ventilator shaft, was established by the jury and this court is not convinced that their conclusion was manifestly wrong.

2.   The storm, though a severe one, was not so extreme that it might not have been anticipated as likely to occur.    Nor was it so overpowering and unusual that the cause of the accident should be regarded as an act of God or vis major.

3.   The damages awarded, $7,000, were grossly excessive for the injuries sustained.

On motion for a new trial by defendants. This is an action of tort for personal injuries suffered by plaintiff while an employee of Cyr Brothers who were building a dam for the defendants near their woolen mill in Corinna, on October 30, 1917. A heavy wind caused a wooden ventilator shaft extending up through the roof of the dye house to a height of twenty-two feet to blow over, and in falling, it struck a blower pipe of galvanized iron which, in turn, gave way and fell upon the plaintiff, who was at work on the ground, causing the injuries complained of. Cyr Brothers were assenting employers under Workmen's Compensation Act, and a settlement had been made between the employer, employee and the Insurance Company. This action, one of subrogation, was brought in the name of the employee for the benefit of the Insurance Company, under the provisions of R. S., Chap. 50, Sec. 26. A verdict for the plaintiff in the sum of $7,000, was rendered by the jury, and the case went to the Law Court on defendants' general motion for a new trial. Motion for new trial granted and verdict set aside unless the plaintiff within 30 days after the filing of the mandate remits all the verdict in excess of $4,500.

The case is fully stated in the opinion.

*George H. Morse, and W. B. Peirce*, for plaintiff.

*Gillin & Gillin*, for defendants.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J. This is an action of tort for personal injuries. The plaintiff at the time of the accident, October 30, 1917, was an employee of Cyr Brothers who were building a dam in Corinna for the defendants, near the defendants' woolen mill. Above the plaintiff as he worked and about fifteen feet from the ground was a twelve-inch galvanized iron blower pipe eighty feet long, which connected the defendants' woolen factory on one side with a picker house on the opposite side of the stream. Near this blow pipe were two wooden ventilator shafts extending up through the roof of the dye house to a height of twenty-two feet, the opening of the shaft being about two feet six inches square. In a heavy wind on the day alleged, one of these shafts fell upon the blower pipe which, in turn, gave way and fell upon the plaintiff causing the injuries complained of.

Cyr Brothers were assenting employers under the provisions of the Workmen's Compensation Act, and a settlement has been effected between the employer, employee and the Insurance Company which was carrying the risk. This action is brought under the provisions of R. S., Chap. 50, Sec. 26, for the benefit of the insurer and was properly instituted in the name of the employee. *Donahue* v. *Thorndike and Hix,* 119 Maine, 20.

The jury rendered a verdict for the plaintiff in the sum of $7,000 and the case is before the Law Court on defendants' general motion for a new trial. Regardless of the subrogation element of the action the same issues are involved as in an ordinary action of tort for negligence between parties who do not sustain the relation of employer and employee to each other. There was no claim by the defendants of any contributory negligence on the part of the plaintiff. That leaves simply the question of negligence on the part of the defendants and the amount of the verdict to be considered.

The negligence complained of is in the faulty construction, insecure fastening, inadequate support and improper maintenance and repair of the ventilator shaft. The defendants' answer is that the shaft was properly constructed and maintained, and that the accident was caused solely by a hurricane for which they were not responsible. These two issues were sharply contested. Upon both, the jury found in favor of the plaintiff. The method of construction of the shaft, the strength and character of the materials used, the manner in which it was supported or stayed in order to withstand the elements, were questions peculiarly within the experience and province of practical jurymen. A careful study of the evidence does not convince the court that their conclusion was manifestly wrong on this branch of the case.

As to the defense of vis major, undoubtedly the legal principles governing in this jurisdiction were correctly stated by the presiding Justice in his charge. No exceptions were taken and we must therefore assume that the rules were clearly and adequately stated. This left a question of fact to be determined by the jury upon contradictory evidence. After a thorough analysis and comparison of the testimony taken in connection with the fact that no other structure of any kind in Corinna on the day in question appears to have been affected by the gale, our conclusion may be expressed in the language of the court in a former case: "The storm though a severe one was

not so extreme that it might not have been reasonably anticipated as likely to occur; nor was it so overpowering and unusual that the cause of the accident should be regarded, according to the definition adopted by writers, as an act of God, or vis major." *Toole* v. *Beckett*, 67 Maine, 544.

The damages awarded, however, ($7,000) we think, were grossly excessive and indicate lack of appreciation of the evidence on this point on the part of the jury.

It was incumbent upon the plaintiff to prove the extent and seriousness of his injuries. No bones were broken. The only objective symptom of injury according to the testimony of the attending physician was the difficulty the plaintiff had in rotating his head to the right. The same physician says that at the time of the trial there was an improvement in this respect. He diagnosed the injury to be one to the ligaments and nerves of the back, developing after a week or ten days some apparent withering of the muscles of the right arm, affecting especially the forefinger. The doctor made twenty-two calls in all between October 30 and December 6, 1917. His medical services then ceased and there is no evidence that the plaintiff received any further medical aid, or that he called for any. The expenses amounted to seventy-five or eighty dollars. Permanent injury is not proved. The plaintiff has done little work since the accident but he is up and about and drives for pleasure his own automobile, which he cranks with his left hand. Without rehearsing all the evidence on the question of injury it is sufficient to say that in the opinion of the court the awarded damages are grossly extravagant. A verdict for $4,500 should be ample for the injuries proved to have been sustained.

> *Motion for new trial granted and verdict set aside unless the plaintiff within 30 days after the filing of this mandate remits all of the verdict in excess of $4,500.*